UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER A. BARRETT,

    Petitioner,

v.                 Case No. 8:09-CV-2485-T-27TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

In his Amended Petition (Dkt. 5), Petitioner, a Florida inmate, sought federal habeas relief under to 28 U.S.C. § 2254, challenging the validity of his conviction for first-degree murder (Dkt. 1). Petitioner's petition (Dkt. 5) was **DENIED** with prejudice (Dkt. 15). His Motion to Alter or Amend Judgement [sic] was granted, however, as to one claim, Ground Three, subpart (2). An evidentiary hearing was conducted on this claim. For the reasons discussed, Ground Three, subpart (2) is DENIED.

### Discussion

**Ground Three, subpart (2)**

In subpart (2) of Ground Three, Petitioner contends that his trial counsel rendered ineffective assistance by not introducing his post arrest statements to police "to show they were not inconsistent with his trial testimony." (Dkt. 5, p. 21). Specifically, he claims "that counsel was ineffective for not rehabilitating Petitioner's credibility by introducing his police statements to show they were not inconsistent with his trial testimony." (Id.)

> Counsel should have known that the statements became admissible under the rule of completeness and the concept of opening the door once the State used parts of the

statements to impeach Petitioner's testimony.

(Dkt. 5, p. 24, ¶ 13)[1]

After being arrested, Petitioner was interviewed by Detective Rockhill, who memorialized Petitioner's statements in a report.[2] At trial, Detective Rockhill was called as a rebuttal witness by the State and questioned about post arrest statements Petitioner made (or did not make) to him which were inconsistent with his trial testimony.[3] The federal evidentiary hearing focused on whether Petitioner's attorney, Ms. Goins, was ineffective in not using Rockhill's report to rehabilitate Petitioner by introducing his prior consistent statements through her cross examination of Rockhill. As will be discussed, Goins' trial conduct was objectively reasonable. She followed a trial strategy based on self defense and justifiable homicide. Her intention to use Petitioner's prior consistent statements was thwarted by an adverse ruling of the state trial judge, through no fault of her own.

In her federal evidentiary hearing testimony, Goins acknowledged that she had planned to use Petitioner's statements to the police which were consistent with what he was expected to testify to. She understood, however, that the police reports were inadmissible. She explained that in any event, she would not have wanted the entire report in evidence because there were damaging matters

---

[1] Petitioner has consistently contended that his attorney should have introduced Rockhill's entire report. In his state court post conviction Rule 3.850 motion, Petitioner argued: "In light of the State's attempts to impeach the Defendant with his prior statement to the police, counsel made no effort to introduce *the rest of the statements* to show they did not differ substantially from trial testimony." (Dkt. 32-1, p. 32). Further he argued: "Counsel could have insisted on the admission of the Defendant's *entire statements to the police*, notwithstanding its prior exclusion by the Court on motion from the State, based on the concept of opening the door or the rule of completeness." (Id. at p. 37) (emphasis added).

[2] Rockhill's report was introduced during the federal evidentiary hearing as Petitioner's Exhibit # 1(b).

[3] The questions focused on a broken window in Tommy Barrett's bedroom, an incident in which the victim burned Petitioner's right hand with a lit cigarette, whether Petitioner ever told him the victim had lunged at Petitioner, and what Petitioner did with his Bible after the victim lay motionless on the floor. (Dkt. 8-1, Exh. 2, Trial transcript at pp. 628-29, 629-30, and 630-31).

in the report. Goins' strategy was to have Petitioner relate to the jury his account of the events leading to the victim's death on direct examination, have him repeat that account on redirect, and cross examine Detective Rockhill on what Petitioner told him. There is little doubt that Goins and Petitioner expected his prior consistent statements would be useful. Unfortunately for Petitioner, a ruling by the state trial judge prevented use of his prior consistent statements.[4]

Prior to trial, the State moved *in limine* to prevent the anticipated use of Petitioner's prior consistent post arrest statements to police, arguing that they would constitute hearsay. The State's objection was sustained. After the ruling, according to Goins, "the subject was dropped at that point." Notwithstanding, just before Goins began calling witnesses as part of the defense, the prosecutor again raised a concern that an attempt would be made to introduce Petitioner's prior statements, and the judge reiterated his ruling that the statements would be inadmissible hearsay (Dkt.8-1, Exh. 2, Trial Transcript pp. 321-24; 406-07; Dkt. 5, p. 22, ¶¶ 6-7; Dkt. 18, ¶ 7).

Generally, in Florida, prior consistent statements are not admissible merely because the credibility of a witness has been attacked or the truthfulness of the statement given by the witness at trial has been challenged. *Monday v. State*, 792 So. 2d 1278, 1280 (Fla. 1st DCA 2001). And "prior consistent statements of a witness are inadmissible to corroborate or bolster the witness' trial testimony." *Jenkins v. State*, 547 So. 2d 1017, 1020 (Fla. 1st DCA 1989). The admissibility of prior consistent statements is accordingly limited by statute. *See* Fla. Stat. §90.801(2)(b).

Notwithstanding, "[t]he circumstances in which a consistent statement may be used to rehabilitate a witness are not limited to those listed in the statute." *Monday v. State*, 792 So.2d at 1281:

> A statement that is offered to impeach or rehabilitate a witness is not hearsay as defined in section 90.801(1), because it is not offered to prove the truth of the matter asserted. If a statement is not hearsay, there is no need to decide whether it qualifies

---

[4] During deliberations, the jury asked for Petitioner's "statements to the police." (Petitioner's Exh. # 2).

3

for an exclusion from the hearsay rule.

*Monday* acknowledged conflicting views on the admissibility of prior consistent statements to rehabilitate a witness, and left the admissibility of such statements to the discretion of the trial judge. 792 So.2d at 1282 ("For these reasons, we conclude that the admissibility of a prior consistent statement to rehabilitate a witness who has been impeached with a prior inconsistent statement is a matter that is within the discretion of the trial judge.").

Although there was authority at the time of Petitioner's trial supporting the use of prior consistent statements to rehabilitate a witness, there was contrary authority supporting the trial judge's ruling. Goins cannot be faulted for having her intended strategy curtailed by an adverse evidentiary ruling on the eve of trial which, as a review of Florida authorities demonstrates, was a matter of discretion on the part of the judge. Nor can she be faulted for complying with that ruling.

Goins is an experienced criminal defense attorney. She has practiced since 1983 and has tried approximately 56 homicide cases. She has represented another 40 defendants charged with homicide who did not go to trial. She acknowledged that because of the particularly difficult facts of this case, her theory of self defense was "somewhat imperfect." Regarding the use of prior consistent statements, she confirmed that she was "absolutely" aware of the rule of completeness on which Petitioner relies in arguing that his prior consistent statements were admissible.[5] And it is apparent from her testimony that she had a good understanding of the applicable rules of evidence regarding the admissibility of a police report itself, and the use of prior consistent statements of a

---

[5] *See Mendoza v. State*, 700 So. 2d 670, 673 (Fla. 1997) ("When one party presents part of a prior written or recorded statement, an adverse party may have the remainder of the statement introduced into evidence in the interest of fairness. § 90.108, Fla. Stat. (1991). This rule is known as the 'doctrine of completeness,' and its purpose is to avoid the potential for creating misleading impressions by taking statements out of context. Such determination of fairness falls within the discretion of the trial judge and is not to be disturbed absent an abuse of discretion.")(citation omitted).

witness who has been impeached by prior inconsistent statements.

Ineffective assistance of counsel claims are governed by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner has the burden of proving that, (1) Goins' performance was deficient, and (2) that her deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. Counsel is only required to make "objectively reasonable" choices. *Bobby v. Van Hook*, 558 U.S. 4, 9 (2009). Decisions and actions by counsel are sound trial strategy, and thereby effective, if a reasonable attorney could have taken the same actions. *Harvey v. Warden, Union Correctional Institution*, 629 F.3d 1228, 1243 (11th Cir. 2011). And where the record is incomplete or unclear about an attorney's actions, it will be presumed that the attorney exercised reasonable professional judgment. *Id.* Importantly, considering Petitioner's allegations, an unsuccessful trial strategy does not prove ineffective assistance of counsel. *Ward v. Hall*, 592 F.3d 1144, 1164 (11th Cir. 2010).[6]

An attorney's trial conduct will be reviewed "with considerable deference, giving [the lawyer] the benefit of the doubt for "heat of the battle" tactical decision. *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). The test is not whether the lawyer could have done more, or what the best lawyer would have done, but whether what was done was within "the wide range of reasonable professional assistance" *Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (quoting *Strickland v. Washington*, 466 U.S. at 689).

> But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled' . . . The petitioner must establish that particular and identified acts or omissions of counsel were outside the wide range of professionally

---

[6] Whether to pursue a particular trial strategy is left to counsel, who must not be second-guessed. *Felker v. Thomas*, 52 F.3d 907, 912 (11th Cir. 1995); *Stanley v. Zant*, 697 F.2d 955, 964 (11th Cir. 1983) (reliance on line of defense to exclusion of others is matter of strategy).

competent assistance.

*Chandler v. United States*, 218 F.3d 1305, 1313-14 (11th Cir. 2000) (quoting *Burger v. Kemp,* 483 U.S. 776, 794 (1987)).

Goins testified that she tried the case consistent with her theory of defense and strategy. The record bears that out. In her cross examination of Detective Rockhill, Goins brought out that Petitioner told Rockhill about the broken window and how it was broken but that Rockhill had not put that in his report. She brought out through Rockhill that he saw the cigarette burn mark on Petitioner's right hand which was depicted in a post arrest photograph of Petitioner. And she had Rockhill confirm that his report indicated that the victim had approached Petitioner's bedroom door just before the killing. Finally, Goins' cross examination resulted in Rockhill correcting himself after testifying that Petitioner said he placed his Bible on the victim after he was "dead," telling the jury Petitioner had not used the word "dead," stating only that the victim was lying motionless on the floor.

Goins' closing argument focused on her theory of self defense and justifiable homicide. (Dkt.8-1, Exh. 2, Trial Transcript pp. 655; 661-64). She discussed the various lesser included offenses, distinguishing the element of premeditation required for a conviction of first degree murder (Id. at pp. 651-52; 653-54). She focused on Petitioner's actions before, during and after the killing, pointed out that his testimony was not contradicted, and urged reasonable doubt (Id. at pp. 655-56; 659). Her argument complemented her theory of defense and trial conduct.

In conclusion, Petitioner has not shown that Goins' trial strategy and performance was unreasonable. Faced with an unexpected adverse ruling, she adjusted her strategy in the "heat of the moment" and defended the case in a manner consistent with her theory of defense. Petitioner has not

6

overcome the presumption that her conduct was reasonable trial strategy. *Strickland v. Washington*, 466 U.S. at 689; *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). Because he fails to satisfy the deficient performance prong of *Strickland*, he cannot prevail on this claim of ineffective assistance. *Strickland v. Washington*, 466 U.S. at 691-92. Accordingly, Ground Three, subpart (2) in Petitioner's Amended Petition (Dkt. 5) is **DENIED**. The clerk is directed to enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

Petitioner has no absolute entitlement to appeal the denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a certificate of appealability must be granted. *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner cannot make the requisite showing. Because he is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** this 9th day of October, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, Counsel of record